IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| T-Zone Health Inc., | ) | Case No. 2:20-cv-02519-DCN |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| SouthStar Capital, LLC, | ) | |
| Defendant. | ) | |

Plaintiff T-Zone Health Inc. ("T-Zone") hereby complains of Defendant SouthStar Capital, LLC ("SouthStar") as set forth below. All sections of allegations below are intended to be incorporated into one another as if restated therein.

PARTIES. JURISDICTION, AND VENUE

1. Plaintiff T-Zone Health Inc. is a Canadian corporation, organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business in the Province of Ontario, Canada.

2. Defendant SouthStar Capital, LLC is a limited liability company, organized and existing under the laws of the State of South Carolina, with its principal place of business in Charleston County, South Carolina.

3. This is a civil action for damages against Defendant SouthStar for failing to pay invoices for goods provided by T-Zone.

1

4. As discussed in more detail below, SouthStar was obligated to pay T-Zone for invoices totaling $167,125.00. Although SouthStar has acknowledged this obligation in various communications, it has failed to pay the invoices.

5. This Court has personal jurisdiction over SouthStar Capital, LLC, which was formed as a South Carolina limited liability company and does business from its principal place of business in Mt. Pleasant, South Carolina.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(2), as there is complete diversity among the parties, and T-Zone's damages exceed Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3.01(A)(1), D.S.C., venue is proper in the Charleston Division of the United States District Court for the District of South Carolina, because Defendant SouthStar is a resident of the Charleston Division and a substantial part of the events and omissions by SouthStar that give rise to this claim occurred in Charleston County, South Carolina.

STATEMENT OF FACTS

8. Plaintiff T-Zone Health, Inc. imports and sells at wholesale various fitness and health-related products.

9. Defendant SouthStar Capital, LLC provides various financial services to commercial businesses, including invoice financing, factoring of accounts receivable, and the collection of receivables.

10. One of SouthStar's customers sells fitness products through large retailers, such as Costco and Sam's Club.

11. Upon information and belief, Defendant SouthStar provides various financial services to this customer, including but not limited to financing its purchases of fitness equipment from T-Zone.

12. Beginning around June of 2019, T-Zone and SouthStar entered into an agreement with regard to the delivery and payment for fitness equipment purchased by SouthStar's customer.

13. The agreement between T-Zone and SouthStar operates as follows:

   a. SouthStar's customer would submit an order to T-Zone for fitness equipment;

   b. Upon receipt of the equipment in its warehouse, T-Zone would issue an invoice for the equipment and a copy of the invoice would be sent to SouthStar via e-mail for its approval and confirmation that it would pay the invoice once the equipment was released;

   c. As soon as SouthStar sent an acknowledgement of the invoice via electronic mail to T-Zone, the equipment would be released by T-Zone;

   d. Promptly after the release of the equipment, SouthStar would remit payment of the invoice via wire transfer to T-Zone.

14. During the period from June of 2019 through July 28, 2019, both SouthStar and T-Zone performed their duties and fulfilled their obligations to each other.

15. On July 29, 2019, T-Zone issued Invoice Number T38955 in the amount of $29,948.25 to SouthStar's customer and a copy was sent to SouthStar on the same day.

16. Before the close of business on July 29, 2019, SouthStar sent an acknowledgement of the invoice to T-Zone.

17. In reliance on the acknowledgement sent to it by SouthStar, T-Zone promptly released the equipment to SouthStar's customer. However, SouthStar has failed to pay this invoice.

18. On July 31, 2019, T-Zone issued Invoice Number T38968 in the amount of $18,461.25 to SouthStar's customer and copy was sent to SouthStar.

19. On August 2, 2019, SouthStar sent an acknowledgement of the invoice to T-Zone.

20. In reliance on the acknowledgement sent to it by SouthStar, T-Zone promptly released the equipment to SouthStar's customer. However, SouthStar has failed to pay this invoice.

21. Also on July 31, 2019, T-Zone issued Invoice Number T38969 in the amount of $37,743.00 to SouthStar's customer and a copy was sent to SouthStar.

22. On August 7, 2019, SouthStar sent an acknowledgement of the invoice to T-Zone.

23. In reliance on the acknowledgement sent to it by SouthStar, T-Zone promptly released the equipment to SouthStar's customer. However, SouthStar has failed to pay this invoice.

24. On August 12, 2019, T-Zone issued Invoice Number T38983 in the amount of $32,828.00 to SouthStar's customer and a copy was sent to SouthStar.

25. On August 16, 2019, SouthStar sent an acknowledgement of the invoice to T-Zone.

26. In reliance on the acknowledgement sent to it by SouthStar, T-Zone promptly released the equipment to SouthStar's customer. However, SouthStar has failed to pay this invoice.

27. On August 16, 2019, T-Zone issued Invoice Number T38997 in the amount of $17,072.25 to SouthStar's customer and a copy was sent to SouthStar.

28. On August 27, 2019, SouthStar sent an acknowledgement of the invoice to T-Zone.

29. In reliance on the acknowledgement sent to it by SouthStar, T-Zone promptly released the equipment to SouthStar's customer. However, SouthStar has failed to pay this invoice.

30. On August 20, 2019, T-Zone issued Invoice Number T39009 in the amount of $31,080.25 to SouthStar's customer and a copy was sent to SouthStar.

31. On August 27, 2019, SouthStar sent an acknowledgement of the invoice to T-Zone.

32. In reliance on the acknowledgement sent to it by SouthStar, T-Zone promptly released the equipment to SouthStar's customer. However, SouthStar has failed to pay this invoice.

33. Thereafter, on a regular basis, invoices were submitted to SouthStar's customer by T-Zone and forwarded to SouthStar for review and acknowledgement. SouthStar has paid the invoices subsequent to August 20, 2019, but has failed and refused to pay the invoices described in Paragraphs 15-32 above, despite repeated demands for payment and representations by SouthStar that payment was forthcoming.

<u>FOR A FIRST CAUSE OF ACTION</u>
Breach of Contract

34. The allegations contained in Paragraphs 1 through 33 above are realleged and incorporated herein by reference.

35.    T-Zone has performed its duties and obligations under its agreement with SouthStar and has given valuable consideration in delivering the fitness equipment to SouthStar's customer.

36.    SouthStar has breached the agreement and its contractual obligation to T-Zone by failing to pay the invoices described in Paragraphs 15-32 above.

37.    As a result of the breach of the agreement by SouthStar, T-Zone has been damaged in the amount of $167,125.00.

38.    T-Zone is entitled to a judgment against SouthStar in the amount of $167,125.00, plus prejudgment interest at the statutory rate through the date judgment is entered.

FOR A SECOND CAUSE OF ACTION
Promissory Estoppel

39.    The allegations contained in Paragraphs 1 – 38 above are realleged and incorporated herein by reference.

40.    The acknowledgments of the invoices by SouthStar to T-Zone were unambiguous and are documented by e-mails from SouthStar to T-Zone.

41.    T-Zone reasonably relied on the acknowledgements from SouthStar in releasing the equipment to SouthStar's customer.

42.    Based on their prior course of dealings, T-Zone's reliance on the acknowledgements from SouthStar was reasonable, expected, and foreseeable.

43.    As a result of its reliance on the acknowledgements from SouthStar, T-Zone has been damaged in the amount of $167,125.00.

44.    T-Zone is entitled to a judgment against SouthStar in the amount of $167,125.00, plus prejudgment interest at the statutory rate through the date judgment is entered.

### FOR A THIRD CAUSE OF ACTION
Unjust Enrichment

45. The allegations contained in Paragraphs 1 through 44 above are realleged and incorporated herein by reference.

46. Upon information and belief, SouthStar has received payment from the retailers for the equipment identified in the invoices described above, but has refused to remit to T-Zone the amount it is owed on those invoices.

47. If SouthStar has in fact received payment for that equipment, it has received and realized a benefit as a result of the delivery of the fitness equipment by T-Zone.

48. Retention of all of the funds received by SouthStar from the retailers for the equipment identified in the invoices described above would be inequitable, and SouthStar should be required to pay the total amount of those invoices to T-Zone.

49. Based on the doctrine of unjust enrichment, T-Zone is entitled to a judgment against SouthStar in the amount of $167,125.00, plus prejudgment interest at the statutory rate from the date payment was received through the date judgment is entered.

### FOR A FOURTH CAUSE OF ACTION
Unfair Trade Practices

50. The allegations contained in Paragraphs 1 through 49 above are realleged and incorporated herein by reference.

51. If SouthStar has in fact received payment for the fitness equipment and has failed to remit payments from those funds to T-Zone, such failure is an unfair and deceptive act or practice, in violation of Section 39-5-140 of the South Carolina Code of Laws.

52. SouthStar's act or practice of failing and refusing to remit such payments to T-Zone impacts the public interest in that it is capable of repetition and, in fact, may have been repeated by SouthStar in connection with the invoices that are the subject of this lawsuit.

53. SouthStar's decision not to remit payment to T-Zone from the funds it received was willful and intentional, thereby subjecting it to treble damages payable to T-Zone.

54. As a result of its unfair and deceptive acts and practices, SouthStar is liable to T-Zone for the sum of $167,125.00, plus treble damages, attorney's fees, and the costs of this action.

WHEREFORE, based on the foregoing, Plaintiff T-Zone Health, Inc. prays for the following relief:

  a. Judgment against SouthStar Capital, LLC for actual damages in the amount of $167,125.00;
  b. Judgment against SouthStar Capital, LLC for prejudgment interest at the statutory rate:
  c. Judgment against SouthStar Capital, LLC for treble damages, based on its willful and intentional unfair and deceptive acts and practices;
  d. Judgment against SouthStar Capital, LLC for the costs and attorney's fees incurred in this action; and
  e. For such other and further relief as the Court may deem just and proper.

McANGUS, GOUDELOCK & COURIE, L.L.C.

s/*Thomas E. Lydon*
Thomas E. Lydon (District Court ID #1056)
Post Office Box 12519, Capitol Station
Columbia, South Carolina 29211-2519
(803) 779-2300
tlydon@mgclaw.com

July 2, 2020                                  Attorney for Plaintiff T-Zone Health, Inc.